# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH PILCHESKY, | |
| Plaintiff, | NO. 3:16-CV-2537 |
| v. | (JUDGE CAPUTO) |
| LACKAWANNA COUNTY, *et al.*, | (MAGISTRATE JUDGE CARLSON) |
| Defendants. | |

## **MEMORANDUM**

Presently before me are the Objections (Doc. 59) of Joseph Pilchesky ("Pilchesky" or "Plaintiff") to the Report and Recommendation (Doc. 58) of Magistrate Judge Martin C. Carlson. The Magistrate Judge recommends that motions to dismiss filed by (1) Wells Fargo Bank, N.A. and Stevens & Lee, P.C. (Doc. 24), (2) Lackawanna County, Office of the Sheriff of Lackawanna County, and Mark McAndrew (Doc. 25), and (3) Phelan Hallinan, LLP (Doc. 26) be granted and Pilchesky's motion for leave to file a further amended pleading (Doc. 48) be denied. For the reasons explained below, I will adopt in part and reject in part the Report and Recommendation, grant the motions to dismiss, and deny the motion for leave to amend.

## **I. Background**

The facts set forth in Plaintiff's operative pleading, the Second Amended Complaint, are outlined in the Report and Recommendation. As alleged by Pilchesky, he and his now estranged wife Joanne Ricci Pilchesky ("Ricci"), resided together at 819 Sunset Street, Scranton, Pennsylvania (the "Property") from 2000 to 2010. (*See* Doc. 23, ¶ 10). Pilchesky continues to reside at the Property. (*See id.*). The deed to the Property, as well as the mortgage, were exclusively in Ricci's name. (*See id.* at ¶¶ 9-10).

After Pilchesky extensively remodeled the Property, he filed a $200,000.00 lien

against it on June 5, 2009. (*See id*. at ¶ 12). The following May, Ricci abandoned the marriage and the Property. (*See id*. at ¶ 13).

On August 21, 2013, after Ricci defaulted on the mortgage, Wells Fargo Bank, N.A. ("Wells Fargo") initiated a foreclosure action against her in the Court of Common Pleas of Lackawanna County. (*See id*. at ¶ 14). A default judgment was entered against Ricci on November 20, 2013. (*See id*. at ¶ 15). On May 2, 2014, Wells Fargo notified all parties in interest, including Pilchesky, that the Property was going to be exposed to a Sheriff's Sale on June 10, 2014. (*See id*. at ¶ 16). On June 10, 2014, the advertised Sheriff's Sale was continued without further notice of a new sale date to Pilchesky. (*See id*. at ¶ 19).

On December 9, 2014, Defendant Mark McAndrew, the Lackawanna County Sheriff, executed a deed to Wells Fargo after it paid $968.19 for the Property. (*See id*. at ¶ 20). According to the deed, the Property was sold at a Sheriff's Sale on October 21, 2014. (*See id*. at ¶ 21). Pilchesky, though, did not learn of the sale until December 26, 2014, the date he received a letter from Well's Fargo's legal counsel, Phelan Hallinan, LLP, advising him that Wells Fargo was the new owner of the Property. (*See id*. at ¶ 22). Thereafter, on or about March 23, 2015, Pilchesky received another letter stating that Wells Fargo was the owner of the Property as a result of a foreclosure and judicial sale. (*See id*. at ¶ 23). Pilchesky, however, never received notice of a new sale date after the sale scheduled for June 10, 2014 was continued. (*See id*. at ¶ 27).

Based on the foregoing, Pilchesky commenced this action on December 23, 2016. (*See* Doc. 1, *generally*). Pilchesky's current operative pleading, the Second Amended Complaint, was filed on February 28, 2017. (*See* Doc. 22, *generally*). Therein, he names as Defendants Lackawanna County, the Office of County Sheriff, Mark McAndrew, Wells Fargo, Phelan Hallinan, LLP, and Stevens and Lee Law Firm. (*See id*.). Pilchesky's seven-Count Second Amended Complaint contains the following causes of action: (1) deprivation of due process rights in violation of the

2

Fifth and Fourteenth Amendments against the Office of the Sheriff and McAndrew; (2) deprivation of due process rights/failure to train and supervise against the County; (3) denial of equal protection against the County; (4) conspiracy to deprive Plaintiff of his due process and equal protection rights in violation of 42 U.S.C. § 1985(3) against the County, McAndrew, Wells Fargo, Phelan Hallinan, and Stevens and Lee; (5) fraud/conspiracy to commit fraud in violation of his due process and equal protection rights against all Defendants; (6) violation of 42 U.S.C. § 1986 against McAndrew and the County for failing to prevent the conspiracy to violate his constitutional rights; and (7) negligence against the County and McAndrew. (*See id*.).

Defendants all moved to dismiss the Second Amended Complaint. (*See* Docs. 24-26, *generally*). Pilchesky opposed those motions, (*see* Docs. 28, 34, 36, *generally*), and also filed a motion for leave to file a Third Amended Complaint. (*See* Doc. 48, *generally*).

On February 22, 2018, Magistrate Judge Carlson issued the Report and Recommendation under review. (*See* Doc. 58, *generally*). Therein, the Magistrate Judge recommends that Defendants' motions to dismiss be granted and Pilchesky's motion for leave to file a further amended complaint be denied. (*See id*. at 39). Specifically, the Magistrate Judge concludes that Pilchesky is unable to state viable § 1983 claims against Defendants predicated on their roles in the state mortgage foreclosure proceedings. (*See id*. at 12-16). The Magistrate Judge also finds that Pilchesky fails to state due process, equal protection, § 1985(3), § 1986, and *Monell* claims. (*See id*. at 16-30).

Pilchesky filed timely objections to the Report and Recommendation. (*See* Doc. 59, *generally*). Those objections have been fully briefed and are now ripe for disposition.

## II. Discussion

**A. Legal Standards.**

**1. Review of a Report and Recommendation.**

When objections to the magistrate judge's Report are filed, the court must conduct a *de novo* review of the contested portions of the Report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)). However, this only applies to the extent that a party's objections are both timely and specific; if objections are merely "general in nature," the court "need not conduct a *de novo* determination." *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). Indeed, the Third Circuit has instructed that "providing a complete *de novo* determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process." *Id*. at 7. In conducting a *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Uncontested portions of the Report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g.*, *Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

**2. Motion to Dismiss.**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "Under the 'notice pleading' standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014) (quoting Fed. R. Civ. P. 8(a)(2)).

When resolving a Rule 12(b)(6) motion, "a court must consider no more than

whether the complaint establishes 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements' of the cause of action." *Trzaska v. L'Oreal USA, Inc.*, 865 F. 3d 155, 162 (3d Cir. 2017) (quoting *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016)). In reviewing the sufficiency of a complaint, a court must take three steps: (1) identify the elements of the claim; (2) identify conclusions that are not entitled to the assumption of truth; and (3) assume the veracity of the well-pleaded factual allegations and determine whether they plausibly give rise to an entitlement to relief. *See Connelly*, 809 F.3d at 787 (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

**B.     Plaintiff's Objections.**

Pilchesky challenges several aspects of the Report and Recommendation. (*See* Doc. 59, *generally*). First, Pilchesky argues that the Introduction to the Report and Recommendation, *i.e.*, Part I, which served as the predicate to the Magistrate Judge's legal analysis, was a "personal attack" against him. (*Id*. at 2-8). Second, Pilchesky asserts that the Magistrate Judge erroneously concludes that he failed to state a claim. (*See id*. at 8-14). Lastly, Pilchesky objects to the Magistrate Judge's recommendation that he be denied the opportunity to file a further amended complaint. (*See id*. at 14-15).

Although I agree with the Magistrate Judge's recommendations regarding the ultimate disposition of this matter, I first pause to address the content of Part I of the Report and Recommendation. Likening Pilchesky and his pleading to works of Shakespeare, the Magistrate Judge finds him to be a "man who has played many parts in his life." The Magistrate Judge characterizes Pilchesky as a "parsimonious husband," which he suggests motivated Pilchesky's wife to abandon her home and marriage. It is this role and others which the Magistrate Judge finds "set[ ] the stage"

5

for this litigation.

I reject Part I of the Report and Recommendation. The gratuitous characterization of Plaintiff and his filing, as well as the suggestion about his wife's reason for leaving her home and marriage are not appropriate. "Those entrusted with the solemn duties of judicial office are expected to handle proceedings in a manner that reflects the appearance as well as the reality of even-handed justice and <u>respect for the litigants</u> as well as for the law." *Betz v. Satteson*, 715 F. App'x 213, 214 n.1 (3d Cir. 2017) (emphasis added). Because Part I of the Report and Recommendation fails this precept, that portion of the Report and Recommendation will be rejected.

The remainder of the Report and Recommendation, however, will be adopted. First, the "garden variety sheriff's sale" of the Property does not present a § 1983 claim here. *Swope v. Northumberland Nat'l Bank*, 625 F. App'x 83, 87 (3d Cir. 2015). Indeed, "any other conclusion would transform every foreclosure action between private parties into state action of constitutional dimensions." *Id.* at 88; *see also Gangoo v. Federal Home Loan Mortg. Corp.*, No. 17-227, 2017 WL 679972, at *5 (M.D. Pa. Feb. 21, 2017) ("Since plaintiff had available state court remedies to challenge the foreclosure sale of his property as well as his ejectment, by filing an appeal, he fails to state a Fourth Amendment due process claim.").

Second, Pilchesky fails to adequately allege that Wells Fargo or the two law firm Defendants are state actors. *See, e.g., Swope*, 625 F. App'x at 86 (failing to allege bank acted under color of state law); *Conklin v. Anthou*, 495 F. App'x 257, 265 (3d Cir. 2012) ("attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."); *Watkins v. City of Phila.*, No. 17-60, 2017 WL 3394618, at *3 (E.D. Pa. Aug. 8, 2017). And, while Pilchesky argues that these Defendants are state actors by way of a conspiracy with the Sheriff's Office, *see, e.g., Brookhart v. Rohr*, 385 F. App'x 67, 69-70 (3d Cir. 2010), Pilchesky "has failed to elevate his allegations of conspiracy to a level that is plausible, rather than merely possible." *Conklin*, 495 F. App'x at 265.

6

Third, as Pilchesky has not suggested any facts in the Second Amended Complaint that the foreclosure did not occur pursuant to a "facially valid" state court judgment, McAndrew is entitled to quasi-judicial immunity. *See Conklin*, 495 F. App'x at 264; *Watkins*, 2017 WL 3394618, at *2.

Fourth, for the reasons set forth in more detail in the Report and Recommendation, I agree that Pilchesky fails to state claims under *Monell*, § 1985, and § 1986.

Finally, there is no reason to grant Pilchesky leave to further amend. Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "a party may amend its pleadings with . . . the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Nevertheless, district courts have the discretion to deny a motion for leave to amend where it is apparent from the record that: (1) there is undue delay, bad faith or dilatory motive; (2) the amendment would be futile; or (3) the amendment would prejudice the other party. *See Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000). Amendment is futile "if the amended complaint would not survive a motion to dismiss." *Budhun v. Reading Hosp. & Med. Ctr.*, 765 F.3d 245, 259 (3d Cir. 2014).

The Magistrate Judge did not err in recommending that Pilchesky's motion to file a further amended complaint be denied. Pilchesky's proposed amendments to the Second Amended Complaint fail to remedy the defects noted herein and in the Magistrate Judge's Report and Recommendation. In other words, Pilchesky still is unable to state a claim upon which relief can be granted. Thus, because Pilchesky's proposed Third Amended Complaint would not survive a motion to dismiss, amendment is futile. Accordingly, the Second Amended Complaint will be dismissed without leave to further amend.[1]

---

[1] To the extent Pilchesky is advancing any state law claims in the Second Amended Complaint, *i.e.*, Count VII, I will decline to exercise supplemental jurisdiction

### III. Conclusion

For the above stated reasons, Part I of the Report and Recommendation will be rejected and the remainder of the Report and Recommendation will be adopted.

An appropriate order follows.

May 16, 2018  /s/ A. Richard Caputo
Date  A. Richard Caputo
United States District Judge

---

over such claims pursuant to 28 U.S.C. § 1367(c)(3). Consequently, any state law claims in the Second Amended Complaint will be dismissed without prejudice to the right of Plaintiff to reassert such claims in the appropriate state court.